FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AUG - 4 2016

RICK WARREN
COURT CLERK

CJ-2016-3950

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
### STATE OF OKLAHOMA

| | |
|---|---|
| 1. JONES, KANDI, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. CJ-16- |
| 1. STANTECH, LLC, | ) ATTORNEY LIEN CLAIMED |
| 2. STANDARD TESTING AND ENGINEERING COMPANY, | ) JURY TRIAL DEMANDED |
|         Defendants. | ) |

### PETITION

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

### PARTIES

1. The Plaintiff is Kandi Jones, an adult female resident of Cleveland County, Oklahoma.

2. The Defendants are Stantech, LLC ("StanTech") and Standard Testing and Engineering Company ("Standard Testing"), both domestic corporations doing business in Oklahoma County, Oklahoma.

### VENUE

3. Plaintiff's claims are for gender discrimination, including retaliation after Plaintiff complained of gender discrimination, in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act (OADA); and age discrimination in violation of the Age Discrimination in Employment Act (ADEA).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendants may be served in that county. Accordingly, venue is proper in Oklahoma County.

### STATEMENT OF FACTS

5. Defendants jointly and/or separately, employed at least twenty employees during twenty or more weeks of the current or proceeding calendar year such that both



Defendants are employees under Title VII and the ADEA. There is no minimum employee requirement to be subject to the OADA.

6. Defendant StanTech is identified as Plaintiff's employer on her pay stubs and W-2 forms. Defendant Standard Testing maintained and required Plaintiff to comply with its rules, policies, procedures and the Defendant's handbook identifies Plaintiff as an employee of both Defendants. For this and other reasons both defendants employed the Plaintiff as a joint employer and/or integrated enterprise such that are jointly and/or severally liable for the claims herein.

7. Plaintiff, Kandi Jones, was employed by the Defendants from around July 31, 2006 until around May 14, 2015.

8. Plaintiff worked under the job title of Project Manager, but was also known under the titles of Paralegal and/or Safety Coordinator.

9. Plaintiff was qualified for her job and performed her job satisfactorily.

10. Prior to Plaintiff's termination she had never been disciplined.

11. During her employment the Plaintiff noticed that men at the company were treated more favorably than women. Examples include Plaintiff (female) being required to report to work at 8 a.m., but men being allowed to report to work later in the day.

12. Around the beginning of February, and at other times, Tom Kelly (Owner) praised Plaintiff's job performance and told Plaintiff she was a value to the company.

13. Around late February, 2015 Plaintiff complained to Mr. Kelly that he was allowing men to yell and scream at her and other women, and that he (Mr. Kelly) yelled and screamed at women.

14. Around late March, 2015 Plaintiff complained to Tom Kelly (male)(Owner) that she felt like females, including Plaintiff, were being held to higher standards than the men.

15. Additionally during this period, Mr. Kelly made repeated comments about the Plaintiff's age (she was in her late fifties at the time), including repeatedly telling

Plaintiff that she was "older and more mature" when comparing her to younger employees.

16. Around early April, 2015 Mr. Kelly instructed Plaintiff to begin training Jason Mitchell (early thirties)(male) in performing Plaintiff's job duties.

17. Mr. Kelly terminated Plaintiff's employment around May 14, 2016.

18. At least some of Plaintiff's job duties were assigned to Jason Mitchell.

19. As a direct result of the Plaintiff's termination she has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages), and emotional distress/dignitary harm including worry, frustration, anxiety and similar unpleasant emotions.

20. At the least, significant factors in the decision to terminate the Plaintiff included her gender (including her complaints of gender discrimination) and age.

21. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination. The EEOC has investigated Plaintiff's claim of discrimination for more than 180 days. Accordingly, this complaint is timely filed.

## COUNT I

For this Count, Plaintiff incorporates all prior allegations and further alleges:

22. Termination motivated by Plaintiff's gender, including retaliation after Plaintiff complained of gender discrimination, violates Title VII and the OADA.

23. Under this Count, Plaintiff is entitled to compensation for her lost wages (including, back, present, and front pay, along, with the value of benefits associated with such wages), emotional distress/dignitary harm, and attorneys' fees, and costs.

24. Plaintiff is also entitled to liquidated damages under the state law claim.

25. Because the actions of the Defendants were willful or, at the least, in reckless disregard of her federal rights, Plaintiff is entitled to an award of punitive damages.

## COUNT II

For this Count, Plaintiff incorporates all prior allegations, and further alleges:

26. Discrimination on the basis of a age violates the ADEA and OADA.

27. Under this Count, Plaintiff is entitled to compensation for her lost wages, (past, present, and future, including, the value of benefits associated with such wages) and liquidated damages under state law.

28. Because Defendants' actions were willful or, at the least, in reckless disregard of Plaintiff's federal rights, she is entitled to liquidated damages under federal law.

## PRAYER

Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants and grant her all compensatory damages suffered together with all damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**RESPECTFULLY SUBMITTED THIS _4_ DAY OF AUGUST, 2016.**

HAMMONS, GOWENS, HURST
& ASSOCIATES

_(signature)_
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
*Counsel for Plaintiff*
**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**