# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| KANDI JONES, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-16-1020-R |
| | ) | |
| STANDARD CONSULTING and STANDARD TESTING AND ENGINEERING COMPANY, | ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Kandi Jones filed a Motion to Compel Both Defendants to Supplement Discovery (Doc. No. 43) to which both Defendants have responded and Plaintiff has filed a Reply. Having considered the parties' submissions, the Court finds as follows.

By this action, Plaintiff alleges age and gender discrimination with regard to her employment at Standard Consulting, known during her employment as StanTech. She contends the two Defendants, both owned by same individual, were an integrated enterprise. She seeks to compel discovery in support of her contentions, both as to the merits of her claims and the potential for holding both Standard Consulting and Standard Testing liable. Defendants supplemented certain of the problematic responses, but Plaintiff contends additional supplemental production is mandated.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery. The Rule permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Id.* In

considering whether the discovery sought is proportional, the court weighs the importance of the discovery to the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Generally, when discovery appears to be relevant on its face, the responding party bears the burden of establishing that the requested discovery does not come within the scope of relevant evidence, or is of such marginal relevance that the potential benefit of discovery is outweighed by the harm. *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004) (citations omitted).

Both Defendants object to production in response to Interrogatory No. 4, wherein Plaintiff requested that each Defendant:

> Identify (as defined above) each person who, during any part of the period from Jan 1, 2014 to the present, was supervised (directly and/or indirectly) by Tom Kelly.

Defendants provided Plaintiff with information regarding persons Tom Kelly directly supervised. However, because Kelly owned both entities, Defendants object stating the request for indirect supervisees is too broad because it would effectively encompass all employees. Plaintiff contends that, because each Defendant employs fewer than fifty persons, her request is not overly broad nor is it unduly burdensome. The Court finds that, given the nature of Plaintiff's allegations that male employees were permitted to treat female employees disrespectfully and were not required to maintain the same office hours as female employees, and that Mr. Kelly was directly involved both with the alleged discrimination and Plaintiff's termination, she is entitled to discovery as to the identity of

each of the employees as requested. Each business was small and the number of employees at issue separates this case from many of those cited by Defendants. Accordingly, Defendants are hereby ordered to provide Plaintiff with supplemental responses to Interrogatory No. 4 within fifteen days of entry of this Order.

In a related Request for Production, No. 10, Plaintiff sought from each Defendant, certain "personnel documents" for

> A. All persons who, from January 1, 2014 through the present, occupied the same and/or similar position as the Plaintiff and/or performed the same and/or similar job duties as the Plaintiff:
> B. All persons who, from January 1, 2014 through the present, were supervised (either directly and/or indirectly) by any person who participated in the decision to terminate the Plaintiff;
> C. All persons who, from Jan 1, 2014 through the present, were supervised (either directly and/or indirectly) by the person(s) who make the final decision to terminate the Plaintiff;
> D. All persons who from January 1, 2014 through the present, were disciplined and/or terminated for the same or similar reasons the Plaintiff was disciplined and/or terminated;
> E. All persons who, from January 1, 2014 through the present, made a complaint (internal and/or external) of gender discrimination, age discrimination and/or retaliation)
> F. All persons who, from Jan 1, 2014 through the present, were accused of engaging in misconduct of equal or greater seriousness than that attributable to the Plaintiff.

Plaintiff defined "Personnel documents" as:

> [D]ocuments, emails or electronically stored information containing the following information regardless of where those documents may be located: (A) last known home addresses, date of birth, gender, last known phone numbers; (B) job titles, job duties and dates of employment; (C) complaints concerning gender and/or age discrimination and/or retaliation; (D) formal and/or informal disciplinary and coaching actions; (E) disciplinary and/or counseling records; (G) training related to enforcement of disciplinary and discrimination policies and rules regarding discrimination and/or retaliation.

3

Doc. 43-4, p. 2; Doc 43-5, p.2

Defendant Standard Testing states in response to the instant motion that it "will supplement its response to reflect that it has no documents responsive to subparts A, D, E, and F of this request." Doc. No. 50. Standard Testing further agreed to provide the requested records for persons who were directly supervised by Tom Kelly. Defendant Standard Consulting indicates that its supplemental responses state that it is unaware of any documents responsive to subparts that do not ask for information regarding persons supervised directly or indirectly by Tom Kelly or that held the same job/performed the same duties as Plaintiff. Doc. No. 51. Again, because Tom Kelly owned both businesses, Request for Production No. 10 applies to all employees of both entities.

The Court finds that Plaintiff is entitled to the production of the documents requested, based on her theory that Tom Kelly may have subjected multiple employees to gender and/or age discrimination or retaliation. By alleging that female employees were treated differently with regard to work hours, Plaintiff effectively alleges a pattern or practice of discrimination by Tom Kelly that could have permeated both workplaces. Additionally, Plaintiff presents evidence that both Defendant entities were governed by the same policies and procedures. To the extent the Defendants believe production is inappropriate because it will reveal information about non-parties, the production can be accomplished pursuant to protective order. Although this requires each Defendant to review the files of approximately fifty employees, presumably not every file will contain complaints about discrimination or disciplinary actions, and the total volume of production

4

may not be as large as anticipated by Defendants. Defendants shall make supplemental production to Request for Production No. 10 within twenty days of entry of this Order.

Defendant Standard Consulting did not respond to Plaintiff's motion as it relates to Interrogatory No. 7, apparently believing that its initial supplement, provided after the instant motion was filed, was sufficient to fulfill its obligation. Plaintiff contends, however, that it was not sufficient for Defendant Consulting to note that no person assumed Plaintiff's position without identifying the employees who absorbed the tasks associated with her position. The Court agrees. Defendant Standard Consulting is hereby ordered to file an additional supplement to Interrogatory No. 7 within fifteen days of entry of this Order identifying the person or persons who absorbed the tasks affiliated with the position Plaintiff held at the time of her termination or to clearly state what tasks were left undone after she was relieved of her job duties or to identify steps taken to clarify its position in the event its inquiries are unsuccessful.[1]

With regard to Request for Production No. 16, Plaintiff concedes that its request was confusing and review of the request confirms Plaintiff's admission. Although Plaintiff requests the Court not overrule the instant motion as it related to Request for Production No. 16, because of its confusing nature and because Plaintiff notes she has already issued a clearer supplemental request, the Court hereby denies the motion to compel. The Court's decision is premised in part on Plaintiff's recognition that the request is unclear and further

---

[1] Defendant Standard Consulting's Supplement states "Plaintiff's position was not replaced. Defendant is currently unaware whether Plaintiff's job responsibilities were assumed."

because the Reply brief is also unclear.[2] The Court finds the most efficient manner to resolve this issue is by starting anew with Plaintiff's supplemental request Accordingly, Plaintiff's Motion to Compel is DENIED as it relates to her Request for Production No. 16.[3]

In Request for Production No. 17, Plaintiff sought documents regarding services performed by and/or on behalf of Defendant Testing and Engineering, Stantech, LLC and/or Defendant Standard Consulting. Doc. No. 59, p. 5. Plaintiff contends Defendant Testing did not address this Request for Production in its response, and thus any objection is waived. Defendant Testing, however, combined its response in Section "D" of its brief, objecting to "(4) documents related to services performed by each Defendant." Doc. No. 50, p. 5. Defendant Testing further argued "[w]ith regard to category 4, this request is very broad and it does not describe the documents sought with reasonable particularity as required by the rules. Standard Testing does not have specific documents showing the services." Doc. No. 50, p. 5. Accordingly, the Court declines Plaintiff's invitation to find that Defendant Standard Testing waived its objection. Further, the Court accepts for the time being Defendant Standard Testing's representation that it lacks documents showing services performed between the entities, and therefore denies the motion to compel, with

---

[2] In the Reply brief addressing Request for Production No. 16, Plaintiff first states that Defendant Consulting fully supplemented its response to the request. Doc. No. 59, p. 1. Thereafter Plaintiff states that "Standard Testing (formerly StanTech) claims it has no employees. Both Defendants deny they act as an integrated enterprise. Defendant Consulting (Formerly StanTech) claims to have sold its assets and changed its name in December 2015." *Id.* Plaintiff also states "Defendant is identified on Standard Consulting/StanTech's 2014-15 Quarterly Reports but is purportedly an employee of Defendant Testing, according to W-2 documents produced by Defendant Testing." *Id.* at 4. There are no individual Defendants in this action and it is unclear to whom Plaintiff intended to refer.

[3] Defendant is obligated, however, to produce the documents it identified in its Response at page 5 without awaiting the supplement. ("Standard Testing will supplement to provide pay stubs and W-2 forms for Tom Kelly.

the following caveat. Plaintiff should explore the issue at the Rule 30(b)(6) deposition of Standard Testing's designated employee, and if she becomes aware that such documents exist and are within the control of Standard Testing, she may re-urge her motion as it applies to Request for Production No. 17.

For the reasons set forth herein, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART, as set forth herein.

IT IS SO ORDERED this 14th day of February 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE